**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RUDOLF SUTER, ) | |
| ) | |
| Movant, ) | No. 3:18-CV-1474-N-BH |
| vs. ) | No. 3:17-CR-0046-N-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 7, 2018, should be **DENIED** with prejudice.

**I. BACKGROUND**

Rudolf Suter (Movant) challenges his federal conviction in Cause No. 3:17-CR-0046-N-1. The respondent is the United States of America (Government).

On June 6, 2017, Movant pleaded guilty to perjury in a federal proceeding under oath, in violation of 18 U.S.C. § 1621(2), and his plea was accepted on July 7, 2017. (*See* No. 3:17-CR-0046-N-1, docs. 47, 51.) He was sentenced to time served and a one-year term of supervised release on November 6, 2017, and judgment was entered on that same date. (*See id.,* docs. 64, 65.) His conditions of supervised release provided that "if ordered deported or removed, the defendant shall remain outside the United States." (*See id.* at 5.) Movant initially filed a notice of appeal but voluntarily withdrew it. (*See id.,* docs. 67, 74, 75.)

While serving his one-year term of supervised release, Movant mailed his § 2255 motion from Lucerne, Switzerland, on May 31, 2018, approximately six months after he was deported on

December 12, 2017. (*See id.,* doc. 65 at 3; No. 3:18-CV-1474-N, doc. 2 at 1, 16, 18.) It contends that he was entrapped by a United States Marshal, he was illegally incarcerated on a separate civil matter, the attorneys conspired against him, and he was coerced into confessing. (*See* No. 3:18-CV-1474-N, doc. 2 at 7-8, 11-14.)[1] It also claims that certain documents were not filed in his criminal case "due to ignorance of the appointed defenders," and his reply brief alleges ineffective assistance of counsel on numerous other grounds. (*See* docs. 2 at 14; 12 at 3.) Finally, Movant asserts civil claims and requests "relief of not less than $50 million." (*See* docs. 2 at 15; 12 at 1.)

## II. JURISDICTION

A § 2255 motion is a petition for relief from a conviction or sentence made by a prisoner under a federal sentence. A "movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir.2004) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)). However, if a movant has been released from federal prison, federal courts maintain jurisdiction over his § 2255 motion if he remains subject to a term of supervised release. *See United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014).

A condition of supervised release that prohibits a person who is deported from reentering the country remains in effect after the person is deported. *See United States v. Heredia–Holguin,* 823 F.3d 337, 341-42 (5th Cir. 2016) (*en banc*); *see also United States v. Fuentes-Cruz,* 669 F. App'x 255, 256 (5th Cir. 2016) (citing *United States v. Brown*, 54 F.3d 234, 238-39 (5th Cir. 1995) (stating that "a term of supervised release remains in effect after a person is deported."). Because Movant

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was subject to supervised release at the time he filed his § 2255 motion, the Court maintains jurisdiction to review it. *See Bejarano*, 751 F.3d at 285 n.4; *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (stating that § 2255 requires that at the time a prisoner files the motion, "he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction. Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.").

### III. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).

3

## IV. ANALYSIS

Movant asserts that his initial arrest was improper because he was entrapped by a United States Marshal, his incarceration on a civil matter violated his due process rights, his attorney conspired with the U.S. Attorney's Office "to construe a criminal charge" against him, and he was coerced into confessing. (*See* doc. 2 at 7-8, 11-14.) The Government responds that the claims are procedurally barred, waived, and meritless. (*See* doc. 11 at 3.)

### A.  **<u>Procedural Bar</u>**

Movant did not raise any of his claims in his direct appeal, which the Fifth Circuit Court of Appeals dismissed without ruling on the merits on April 20, 2018, "pursuant to appellant's motion." (*See* No. 3:17-CR-0046-N, docs. 74, 75.) His claims are therefore procedurally defaulted, absent a showing of cause and prejudice. *See United States v. Kallestad*, 236 F. 3d 225, 227 (5th Cir. 2000) (stating "a section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."); *see also Shaid*, 937 F.2d at 232; *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).

Movant contends that he withdrew his direct appeal based his attorney's recommendation to file a § 2255 motion instead, citing Exhibit 25. (*See* doc. 12 at 2.) Exhibit 25 is a copy of a letter from his attorney explaining that after reviewing the appellate record, he did not find any non-frivolous issues to appeal. (*See* doc. 12-1 at 1.) The letter also stated that counsel would file "an *Anders* brief, which is a legal document that basically tells the court that [he] cannot find anything to appeal on [Movant's] behalf," and that he would be allowed to file an additional brief on his own behalf if he wished to do so. (*See id.*) The letter does not recommend that Movant withdraw his

4

direct appeal in favor of a § 2255 motion. (*See generally id.*) Movant has not shown either cause or prejudice for his failure to raise his issues on direct appeal and has therefore waived the issues for a collateral attack. *See Kallestad*, 236 F. 3d at 227.

**B.   Merits**

Even if Movant's claims were not procedurally barred, they lack merit.

### 1.   *Claims concerning unrelated civil action*

The first two claims – entrapment and illegal incarceration – concern an unrelated civil contempt warrant issued on March 10, 2016. (*See Denton, et al. v. Suter*, No. 3:11-CV-2559-N (N.D. Tex.), docs. 173-178.) The charges in Movant's underlying criminal case were not initiated until January 6, 2017. (*See* No. 3:17-CR-0046-N-1, doc. 1.) These two claims are therefore not cognizable in this § 2255 proceeding, which attacks his federal conviction in Cause No. 3:17-CR-0046-N-1. *See* Rule 2(d) of the *Rules Governing Section 2255 Proceedings For the United States District Courts* (stating that each § 2255 motion filed by a movant may only include an attack on a single judgment).

In claim three, Movant alleges that the opposing attorney in the unrelated civil case conspired with the U.S. Attorneys Office "to construe a criminal charge against [Movant]," citing Exhibit 11. (*See* doc. 2 at 13.) Exhibit 11 is simply a declaration the opposing attorney apparently submitted in the unrelated civil case, which provides a listing of fees associated with his representation in that case, including fees for "Telephone Conferences with Assistant United States Attorney." (*See* doc. 2-3 at 1-4.) Nothing in the declaration demonstrates that the attorney conspired with the U.S. Attorneys Office regarding the criminal charges in this case. (*See id.*) Movant's conclusory allegation is insufficient to provide relief. *See United States v. Woods*, 870

F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998).

### 2. *Coerced confession*

Movant likewise provides no support for his claim that he was coerced into confessing. (*See* doc. 2 at 14.) Although he entitles his fourth ground as "Self-incrimination - coerced confession," his supporting facts merely state his dissatisfaction with his detention. (*See id.*) Movant conclusorily states that he "agreed to plea[d] guilty under threat of harsher punishment should he be convicted after opting for a trial, what was in his case a miscarriage of justice." (*See id.*) This singular statement, unsupported by any evidence from the record is insufficient for relief. *See Woods*, 870 F.2d at 288 n.3 (5th Cir. 1989); *Daniels*, 12 F. Supp. 2d at 575-76.

### 3. *Ineffective assistance*

Finally, to the extent Movant claims ineffective assistance of counsel, (*see* doc. 2 at 14; doc. 12 at 3), his claims fail.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 395-96 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. The Court may address the prongs in any order. *Id*. at 197; *Smith v. Robbins*, 528

U.S. 259, 286 n.14 (2000).

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96. Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d at 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d at 575-76 (N.D. Tex. 1998)*; see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

At best, Movant provides only a listing of alleged deficiencies by his counsel; he fails to even allege prejudice. (*See* doc. 2 at 14; doc. 12 at 3.) This is insufficient to obtain relief. *See Miller*, 200 F.3d at 282; *Woods*, 870 F.2d at 288 n.3. Relief is not warranted. *See Strickland*, 466 U.S. at 694.

## V. CIVIL CLAIMS AND MONETARY DAMAGES

In his reply brief, Movant requests "relief of not less than $50 million from the U.S. Government for illegal incarceration . . . irreparable damage of reputation and destr[uction] of a more than 30 years successful management career." (*See* doc. 12 at 1; *see also* doc. 2 at 15.) He alleges that the Government "committed assassination of character, defamation, slander, wrongful

7

accusations, emotional distress injuries and mental anguish injuries that subjected [him] to cruel and unusual punishment under the State and Federal Constitution of the United States 8th Amendment." (*See id*.)

A § 2255 motion provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See* 28 U.S.C. § 2255 (a). It does not allow for other civil causes of action or monetary damages. *See id.* Any non-habeas civil claims should be dismissed without prejudice to raising them in a separate civil action against the appropriate parties under the appropriate statutes and paying the applicable filing fees. The Prison Litigation Reform Act ("PLRA") requires that <u>all</u> prisoners who bring a civil action must pay the full filing fee, although the $400.00 fee may be paid in installments that are withdrawn from the prisoner's inmate trust account if leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1).[2] Because of the $400.00 filing fee, Movant's § 2255 motion is not liberally construed as a new case at this time.

The Clerk's Office is **INSTRUCTED** to forward Movant a copy of this Court's standard forms for filing a civil complaint and a complaint under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

---

[2]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

8

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice, and any non-habeas civil claims should be **DISMISSED** without prejudice to properly raising them in a separate civil action.

**SIGNED** on this 25th day of April, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE