IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUDOLF SUTER,** | ) | |
| | ) | |
| Movant, | ) | No. 3:18-CV-1474-N-BH |
| vs. | ) | No. 3:17-CR-0046-N-1 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Referred to U.S. Magistrate Judge** |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is movant's *Request for Certificate of Appeal*, filed on June 3, 2019. (Doc. 27.) He requests that the Court "issue a Certificate of Appealability, required by 28 U.S.C. § 2255(c)(2) under the Federal Rule of Appellate Procedure 22. " (*Id*. at 3.) Based on the relevant findings and applicable law, the motion should be **DENIED**.

Rudolf Suter (Movant) filed a *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* challenging his federal conviction in Cause No. 3:17-CR-0046-N-1. (Doc. 2.) He raised numerous claims of a constitutional violation related to his conviction, as well as other non-habeas civil claims. The § 2255 motion was denied with prejudice, the non-habeas civil claims were dismissed without prejudice, and a certificate of appealability was denied. (*See* docs. 25, 26.) Movant now seeks a certificate of appealability.

Movant is not now entitled to a certificate of appealability for the same reasons set forth in the order dated May 17, 2019. (*See* doc. 25.) He has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *See*

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

The request for a certificate of appealability (doc. 27) should be **DENIED**.

**SIGNED on this 6th day of June, 2019.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE